THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLOPLAST A/S,

Plaintiff/Counterclaim Defendant,

v.

GENERIC MEDICAL DEVICES, INC.,

Defendant/Counterclaimant.

No. CV 10-227 BHS

**GENERIC MEDICAL DEVICES, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION**

**NOTE ON MOTION CALENDAR: November 4, 2011**

**PUBLIC VERSION**

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

## NOTICE OF MOTION

**NOTICE IS HEREBY GIVEN** that on November 4, 2011, or other time as the Court deems appropriate, Defendant Generic Medical Devices, Inc. ("GMD") will and hereby does move the Court to enter an Order compelling Plaintiff Coloplast A/S ("Coloplast") to produce responsive documents from its French subsidiaries, including Porges, and to produce Vincent Monsaingeon for deposition in East Palo Alto, California.

There is no dispute that Coloplast has at least one wholly owned French subsidiary, and certain French employees, that possess documents and information highly relevant to this litigation. Although Coloplast A/S, a Danish company, has produced documents on behalf of itself and its U.S. subsidiary, it refuses to produce documents on behalf of its French subsidiaries. The issue before the Court is the following: Is Coloplast, a Danish company that initiated this lawsuit against GMD in a U.S. District Court, required to produce documents and information from its French subsidiaries, including Porges, in response to discovery served by GMD under the Federal Rules of Civil Procedure? Coloplast argues that GMD must pursue burdensome, time consuming and costly discovery through Hague Convention Procedures to obtain this information from Coloplast. The Supreme Court established a test for determining whether Hague Convention Procedures need be followed, and using this test, U.S. courts have routinely compelled parties to produce information from France under the Federal Rules of Civil Procedure. For the reasons detailed in this motion, the Court should order Coloplast to collect and produce all responsive documents from its French subsidiaries and bring Vincent Monsaingeon to the United States for deposition. This motion is based on this Notice of Motion, Memorandum of Points and Authorities, Declaration of Carrie Williamson filed herewith, and the pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Coloplast A/S ("Coloplast") is a company organized under the laws of Denmark that

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

filed suit against Generic Medical Devices, Inc. ("GMD") to take advantage of U.S. patent laws. Coloplast played no role in conceiving the alleged inventions claimed in the patents-in-suit. Rather, the patents-in-suit – which recite method claims for performing a specific surgical procedure performed by doctors to treat female urinary incontinence – allegedly were conceived by two French doctors around 2000. According to assignment records, the patents were later assigned to Mentor Corporation ("Mentor") and ultimately assigned to Coloplast A/S through a 2006 acquisition. As a result of this history, Coloplast has largely denied having much, if any, knowledge of the conception and reduction to practice of the alleged inventions, the prosecution of the patents-in-suit, the assignment history of the patents before Coloplast's acquisition, and licenses to the patents-in-suit entered into by Mentor.

Coloplast also acquired a French entity, Porges.[1] After considerable prompting, Coloplast now admits that Porges has responsive documents and employees with information relevant to this litigation. While Coloplast A/S has produced documents from its U.S. subsidiary, Coloplast Corp. (admitting such documents are within its possession, custody and control), it claims that French Penal Code Law No. 80-538 (the "French Statute") requires GMD to use the Hague Convention to obtain documents from Porges and depose Porges employee, Vincent Monsaingeon. The French Statute prescribes criminal penalties in certain circumstances for a French national or corporation that produces or seeks evidence located in France for use in a foreign judicial system without using Hague Evidence Convention procedures. But Coloplast's argument is flawed and inherently unfair for several reasons:

- Coloplast has possession, custody or control over Porges' documents and thus has an independent obligation under the Federal Rules of Civil Procedure to produce those documents in this litigation regardless of the French Statute.

---

[1] According to Coloplast's 2009/2010 Annual Report, Coloplast's two French subsidiaries are Coloplast S.A. and Coloplast Manufacturing France S.A.S. Decl. of Carrie Williamson in Supp, of GMD's Mot. ("Williamson Decl."), ¶ 16, Ex. G. Through all meet and confer, Coloplast's counsel referred to a French subsidiary called Porges, and Coloplast witnesses refer to a French subsidiary as Porges. Coloplast has a subsidiary named Porges UK Ltd, registered in Great Britain. *Id.* GMD seeks an order compelling Coloplast A/S to produce all responsive documents from its French subsidiaries as GMD cannot determine which entity Coloplast refers to as "Porges."

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

- Coloplast and its counsel of record in this litigation failed to use Hague Convention procedures when they took advantage of access to witnesses and information in France for use in this litigation. Specifically, counsel for Coloplast [redacted] without using Hague Convention Procedures. [redacted] (at the same time Coloplast refused to produce Dr. Delorme for deposition in New York despite its agreement four months earlier to make Dr. Delorme available for deposition in the U.S.). Coloplast itself did not follow the Hague Convention [redacted] yet attempts to force GMD to follow the burdensome, costly and lengthy Hague Convention procedures to obtain highly-relevant information. Moreover, while Coloplast enjoyed unfettered access to Dr. Delorme – [redacted] – and Porges employees, it told GMD's counsel it could not contact Dr. Delorme.

- Other U.S. courts have compelled parties to produce information from France under the Federal Rules of Civil Procedure notwithstanding the French Statute.

For these reasons, Coloplast should be ordered to (1) collect and produce all responsive documents from its French subsidiaries; and (2) offer Vincent Monsaingeon for deposition in the United States in East Palo Alto, California.

## II. FACTUAL BACKGROUND

Coloplast asserts two patents against GMD, U.S. Patent Nos. 6,638,211 (the '211 patent) and 7,621,864 (the '864 patent)(collectively "Coloplast Patents-in-Suit"). Coloplast did not develop these patents; rather, [redacted] (Williamson Decl., ¶2, Ex. A) [redacted] *Id.*, ¶3, Ex. B, at 27, 54.

On July 14, 2011, counsel for GMD deposed one of these former Mentor employees, Mr. David Amerson, General Manager and Global Vice President of Coloplast. *Id.* Mr.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

Amerson testified that [redacted] *Id.*, ¶ 3, Ex. B, at 69-70. Mr. Amerson further testified that [redacted] *Id.* at 71. This was the first time counsel for GMD became aware of the following facts: [redacted] *Id.*, ¶ 4. When asked who within Coloplast would know [redacted], Mr. Amerson identified [redacted] *Id.*, ¶ 3, Ex. B, at 70-71.

Given Mr. Amerson's testimony, on July 22, GMD requested Coloplast A/S collect and produce all responsive documents from Porges. *Id.*, ¶ 5, Ex. C, at 3. On August 12, Coloplast notified GMD that Porges was, in fact, a French subsidiary of Coloplast A/S, but Coloplast stated it would produce documents from Coloplast A/S and Coloplast Corp. (Coloplast's U.S. subsidiary) only, and if GMD wanted Porges' documents, GMD would need to follow Hague Convention procedures to obtain discovery from Porges. *Id.*, ¶ 6, Ex. D, at 3-4.

On August 25, GMD notified Coloplast that because Coloplast A/S was in possession, custody or control of Porges' documents, Coloplast had an obligation to collect and produce those documents, regardless of the Hague Convention. *Id.*, ¶ 7, Ex. D, at 2-3. The parties continued to meet and confer on August 29 and 31, and September 13, 2011. *Id.*, ¶ 8, Ex. D. On September 19, Coloplast served a supplemental response to GMD's Interrogatory No. 4, stating [redacted] *Id.*, ¶ 9, Ex. E. GMD requested that Coloplast make Vincent Monsaingeon available for deposition.[3] *Id.*, ¶ 10, Ex. F, at 4. GMD further notified Coloplast of instances where U.S.

---

[2] [redacted] Williamson Decl, ¶3, Ex. B, 47-50. [redacted]. *Id.* ¶9, Ex. E.

[3] To date, Coloplast has never offered a date for Mr. Monsaingeon's deposition. Williamson Decl., ¶ 14.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

courts compelled discovery from French entities, notwithstanding the French Statute. *Id.*

On September 21, Coloplast proposed to begin Hague Convention procedures itself for a *voluntary* production of documents from Porges and for the deposition of Vincent Monsaingeon in France. *Id.*, ¶ 11, Ex. F, at 3. GMD responded that Coloplast's proposal was problematic for several reasons. *Id.*, ¶ 12, Ex. F, at 2-3. First and most importantly, any production under the Hague Convention would be *voluntary*, so even if Coloplast agreed to produce some documents, it would not be obligated to produce documents harmful to its case. Further, any Hague request would take at least 30-45 days to be approved by French authorities, which meant that any document production or deposition would take place after the close of discovery. Finally, GMD stated that it was already incurring the substantial cost of traveling to France to take the September 30 deposition of a named inventor on the '211 patent, Dr. Emmanuel Delorme. Had it not been for Coloplast's late disclosure of information regarding Vincent Monsaingeon, GMD could have combined a Paris trip to depose both Dr. Delorme and Mr. Monsaingeon. *Id.* GMD asked Coloplast to state its final position with respect to Porges' document production and Mr. Monsaingeon's deposition. *Id.* Coloplast responded on October 4, refusing to produce Porges' documents or to make Mr. Monsaingeon available for deposition without Hague Procedures. *Id.*, ¶ 13, Ex. F, at 1-2. On October 13, Coloplast produced over 8,000 additional pages of documents, many of which include [redacted] [redacted][4] *Id.*, ¶ 15.

## III. ARGUMENT

### A. Coloplast A/S Has An Obligation To Produce All Responsive Documents In Its Possession, Custody Or Control.

Federal Rule of Civil Procedure 34 permits one party to serve to any other party a request to produce documents or electronically stored information in the responding party's *possession, custody or control.* Fed. R. Civ. P. 34. The Ninth Circuit has stated unequivocally that a "corporation must produce documents possessed by a subsidiary that the parent

[4] Given Coloplast's incredibly late document production on October 13, GMD reserves the right to seek relief from the Court for additional discovery related to this document production, if needed.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

corporation owns or wholly controls." *U.S. v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989). Coloplast A/S has never suggested it does not have possession, custody or control of Porges' information (and in fact offered to initiate voluntary Hague Procedures to produce Porges' documents and Mr. Monsaingeon for deposition). Williamson Decl. ¶ 11, Ex. F. Further, Coloplast A/S does not dispute that Porges has relevant documents. The only dispute is whether GMD is required to use the Hague Convention procedures to get these documents and deposition. The answer is no.

**B. There Is No Obligation For GMD To Use The Hague Convention To Obtain Discovery From Porges And To Take The Deposition Of Vincent Monsaingeon.**

**1. Evaluation Of The *Societe Nationale* Factors Shows The Hague Convention Procedures Are Unnecessary Here.**

In *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for South. Dist. Of Iowa,* 482 U.S. 522 (1987), the U.S. Supreme Court held that regardless of foreign blocking statutes, a party may obtain discovery in a foreign nation through the Federal Rules of Civil Procedure or the Hague Convention procedures. When considering blocking statutes like the French Statute, the Supreme Court stated:

> ***It is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute. .... Nor can the enactment of such a statute by a foreign nation require American courts to engraft a rule of first resort onto the Hague Convention,*** . . .. It is clear that American courts are not required to adhere blindly to the directives of such a statute. Indeed, the language of the statute, if taken literally, would appear to represent an extraordinary exercise of legislative jurisdiction by the Republic of France over a United States district judge, forbidding him or her to order any discovery from a party of French nationality, even simple requests for admission or interrogatories that the party could respond to on the basis of personal knowledge. It would be particularly incongruous to recognize such a preference for corporations that are wholly owned by the enacting nation.

*Id.* at 544 (emphasis added).

If a responding party argues the Hague Convention should be followed (rather than the Federal Rules of Civil Procedure), the Court should conduct a "comity analysis" to determine which procedure is warranted. *Id.* at 544 n. 28. "[A] party seeking the application of the Hague

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

Convention procedures, rather than the Federal Rules of Civil Procedure, bears the burden of persuasion." *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 435 (E.D.N.Y.2008). Thus, Coloplast has the burden of establishing the Hague Convention should apply rather than the Federal Rules of Civil Procedure.

The Supreme Court identified five factors to consider in conducting any "comity analysis": (1) the importance of the documents or information requested to the litigation; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the requests would undermine important interests of the state where the information is located. *Société Nationale*, 482 U.S. at 544 n. 28. Furthermore, courts that have construed the *Société Nationale* holding have considered two additional factors: (6) good faith of the party resisting discovery; and (7) the hardship of compliance on the party or witness from whom discovery is sought. *See In re Global Power Equip. Group, Inc.* 418 B.R. 833, 839 (Bkrtcy.D.Del.2009) (citing *Strauss*, 249 F.R.D. at 454–56). Evaluation of these seven factors leads to the conclusion that Hague Convention procedures are unwarranted in this dispute.

**(1) The Importance Of The Documents Or Information Requested To The Litigation**

As described above, [REDACTED] Williamson Decl., ¶¶ 2-3, Exs. A, B. As such, Porges may have documents and information relating to invalidity of the '211 patent, as well as conception and reduction to practice of the alleged invention of the '211 patent. Mr. Amerson testified that [REDACTED] information that is highly relevant to the chain of title of the '211 patent. *Id.*, ¶ 3, Ex. B, at 70-71. Further, when Mentor owned the '211 patent, [REDACTED] *Id.*, ¶ 2, Ex. A. Consequently, Porges may be in possession of documents related to licenses to the '211 patent.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

Finally, [redacted].[5] *Id.*, ¶ 17.

Furthermore, on August 31, 2011, Coloplast produced - for the first time (and in a document production of almost 30,000 pages) - an email written by Mr. Monsaingeon that [redacted] *Id.*, ¶ 18, Ex. H. Mr. Monsaingeon's statements in this email are highly relevant to the scope of the Coloplast Patents-in-Suit. Specifically, in its claim construction briefing, Coloplast argued the Coloplast Patents-in-Suit cover both transobturator outside-in procedures and transobturator inside-out procedures. However, Mr. Monsaingeon's email states [redacted] *Id.* Then, on September 19, 2011, Coloplast served a supplemental interrogatory response where it identified [redacted] *Id.*, ¶ 9, Ex. E. In short, Mr. Monsaingeon has made statements and taken actions highly relevant to this case, and Coloplast just recently produced this information. As such, this factor weighs strongly in favor of ordering Coloplast A/S to produce the relevant information under the Federal Rules of Civil Procedure.

**(2) The Degree Of Specificity Of The Request**

Coloplast has made no argument that GMD's request for Mr. Monsaingeon's deposition and document production from Porges is unduly burdensome (and in fact Coloplast agreed to make a voluntary production through the Hague Convention). Williamson Decl., ¶ 11, Ex. F. Further, counsel for Coloplast stated that "the relevant universe of documents and information at Porges appears to be limited. That is especially the case since most people with relevant information who were at Porges at the time of the acquisition are no longer there." *Id.*, ¶ 19,

[5] Dr. Delorme testified [redacted] Williamson Decl., ¶ 21, Ex. J, at 40-41, 44-45. He further testified that [redacted] *Id.*

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

Ex. F. GMD seeks responsive documents from any Porges employee, not just those employees at Porges at the time of the acquisition. Given that Coloplast's proposed Hague Convention production would be voluntary, GMD requests the Court order Coloplast A/S to produce any documents in Porges' possession that are responsive to any of GMD's Requests for Production.

**(3) Whether The Information Originated In The United States**

Given GMD does not know what responsive information Porges possesses, GMD cannot presume the information originated in France. Porges may have licensing information relevant to U.S. companies, and this information could have originated in the U.S. Most importantly, the documents and information GMD seeks is relevant to the validity and scope of U.S. Patents -the Coloplast Patents-in-Suit - which Coloplast asserts against a U.S. company.

**(4) Availability of Alternative Means of Securing Information**

GMD has no other means of seeking Porges' documents and Mr. Monsaingeon's testimony. Furthermore, Hague Convention procedures are not compulsory, whereas a court order under Federal Rules of Civil Procedure would be immediately enforceable. *See In re Global Power Equip. Group, Inc.* 418 B.R. at 848. This factor weighs strongly in favor of ordering Coloplast to produce the relevant information under Federal Rules of Civil Procedure.

**(5) The Extent To Which Noncompliance With The Request Would Undermine Important Interests Of The United States**

This factor has been considered one of the most important factors. *In re Global Power Equip. Group, Inc.*, 418 B.R. at 848. "It is axiomatic that the United States has a 'substantial interest in fully and fairly adjudicating matters before its courts.' (*Id.* (internal citations omitted).) This includes an interest in securing the prompt, economical and orderly administration of its bankruptcy cases. Using the Hague Procedures will create a substantial risk of undue delay and expense, and interference with the authority of this Court." *Id.*

The United States has a strong interest in ensuring that the U.S. patents being asserted in U.S. litigation against a U.S. company are actually valid and enforceable. Coloplast's failure to produce Mr. Monsaingeon for deposition and Porges' documents could allow important

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

information regarding the scope and validity of the Coloplast Patents-in-Suit to go undiscovered. Such a result would be highly prejudicial to GMD, a U.S. company and defendant in this case. This factor weighs strongly in favor of ordering Coloplast to produce the relevant information under the Federal Rules of Civil Procedure.

**(6) Good Faith Of The Party Resisting Discovery**

Coloplast failed to disclose that Porges was a subsidiary of Coloplast A/S with information highly relevant to the Coloplast Patents-in-Suit. Specifically, on August 12, GMD learned that [redacted] Williamson Decl., ¶¶ 3-6, Exs. B-D. Furthermore, as detailed above, Coloplast did not disclose relevant information regarding Vincent Monsaingeon until August 31, September 19 and October 13. *Id.*, ¶¶ 9, 15, 18; Exs. E, H. Finally, Coloplast itself failed to use the Hague Procedures. *See* Section III.C. Therefore, this factor weighs strongly in favor of ordering Coloplast A/S to produce the relevant information under the Federal Rules of Civil Procedure.

**(7) Hardship On Party From Whom Discovery Is Sought**

Coloplast has identified no hardship in producing the Porges documents or producing Mr. Monsaingeon for deposition in the United States in East Palo Alto, California.

**(8) Conclusion**

Given these seven factors, Coloplast should be compelled to produce documents from Porges under the Federal Rules of Civil Procedure and produce Mr. Monsaingeon for deposition in the United States in East Palo Alto, California.

**2. Other Courts Have Concluded A Party Is Not Required to Use Hague Convention Procedures To Obtain Evidence From France.**

Various U.S. courts have determined that the French Statute does not excuse a party of its discovery obligations nor is a party required to use the Hague Convention to obtain information for use in U.S. litigation. *See e.g., In re Air Cargo Shipping Services Antitrust Litigation,* 2010 WL 1189341 (E.D.N.Y. Mar. 29, 2010)(holding that plaintiffs were entitled to

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

an order compelling discovery that had been withheld due to the French Statute and Hague Convention procedures were unnecessary); *In re Global Power Equip. Group, Inc.*, 418 B.R. 833, (Bkrtcy.D.Del.2009)(compelling a third-party French corporation to provide discovery and deposition in U.S. litigation under the Federal Rules of Civil Procedure notwithstanding the French Statute and Hague Convention).

**C. Because Coloplast A/S Has Taken Advantage of Witnesses And Information In France Without Following Hague Convention Procedures, It Is Unfair To Require GMD To Use The Hague Convention.**

While Coloplast claims that GMD is required to jump through the hoops of Hague Convention requirements, Coloplast's behavior demonstrates it believes it is not subject to these Hague Convention requirements. On October 13, 2011, Coloplast produced *for the first time* a [redacted] Williamson Decl., ¶ 20, Ex. I. [redacted] *Id* (emphasis added). [redacted].[6] *Id.*

Counsel of record for Coloplast took advantage of this [redacted] Williamson Decl., ¶ 9, Ex. E. [redacted] *Id.*, ¶ 21, Ex. J, at 52-53. Thus, counsel for Coloplast ignored Hague Convention procedures and sought information at their

[6] In fact, Dr. Delorme testified that he was being compensated 2000 to 3000 Euros per day by Coloplast for the time he had to take off work related to his deposition. Williamson Decl., ¶ 21, Ex. J, at 9-10.

convenience [redacted] yet attempts to force GMD to expend significant time and resources associated with traveling to France to depose Mr. Monsaingeon and making a Hague Convention request.

Notably, [redacted] occurred at the same time that the parties had previously agreed in January, 2011, that Dr. Delorme would be deposed in New York for this litigation. Williamson Decl., ¶ 22, Ex. K. However, on April 12, just about two weeks before the deposition was scheduled to take place, Coloplast's attorneys notified counsel for GMD that the deposition could not go forward because of the French Statute. *Id.*, ¶ 23, Ex. L. Apparently, while the French Statute prevented GMD from deposing Dr. Delorme in New York, it did not prevent [redacted].

**D. Because Coloplast Delayed In Disclosing Highly Relevant Information Related To Mr. Monsaingeon, Coloplast Should Be Compelled To Produce Mr. Monsaingeon For Deposition In East Palo Alto, California.**

As described above, Coloplast did not disclose highly relevant information regarding Mr. Monsaingeon until August 31, September 19, and even October 13. Given Coloplast delayed so long in disclosing this information, Coloplast should be compelled to bring Mr. Monsaingeon for deposition in East Palo Alto, California (where GMD's counsel is located).

GMD already expended significant resources to travel to France to take Dr. Delorme's deposition. Excluding consideration of travel costs associated with returning to France and attorney time to travel, the costs of court reporter and videographer in France are two to three times the cost in the U.S. *Id.*, ¶ 24. Given Coloplast's significant delay in disclosing this relevant information, it is only fair to compel Mr. Monsaingeon's deposition in California.

## IV. CONCLUSION

For these reasons, GMD respectfully requests the Court compel Coloplast A/S to produce (1) from its French subsidiaries all documents responsive to GMD's Requests for Production, and (2) Mr. Monsaingeon for deposition in the U.S. in East Palo Alto, California.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

October 17, 2011.

*/s/ Carrie Williamson*

Timothy Lohse, Admitted *Pro Hac Vice*
Aaron Wainscoat, Admitted *Pro Hac Vice*
Carrie Williamson, Admitted *Pro Hac Vice*
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
Tel: 650.833.2000
Fax: 650.833.2001
E-Mail: marc.belloli@dlapiper.com; timothy.lohse@dlapiper.com

Stellman Keehnel, WSBA No. 9309
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: stellman.keehnel@dlapiper.com

Attorneys for Defendant/Counterclaimant
Generic Medical Devices, Inc.

WEST\225296642.1