THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLOPLAST A/S.,<br><br>             Plaintiff,<br><br>  v.<br><br>GENERIC MEDICAL DEVICES, INC.,<br><br>             Defendant. | No. CV 10-227 BHS<br><br>**PLAINTIFF COLOPLAST A/S'S MOTION TO COMPEL**<br><br>**NOTICE ON MOTION CALENDAR:**<br>November 4, 2011 |

**MOTION**

███████████████████████████████████████████

████████████████████ Plaintiff Coloplast A/S ("Coloplast") has repeatedly requested that GMD either (1) confirm that it will not rely on any of these opinions for any purpose in this case, or (2) produce all opinions of counsel so as to allow Coloplast appropriate discovery. GMD has refused to do either. Because GMD has suggested that it may rely on any opinions of counsel at some point in this case, GMD must immediately produce its opinions of counsel. Coloplast accordingly moves this Court for an order compelling GMD to produce all opinions of counsel and related documents.

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 1

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax: 612-766-1600

**STATEMENT OF FACTS**

Coloplast alleges that GMD contributes to and induces the infringement of Coloplast's U.S. Patent Nos. 6,638,211 and 7,621,864. Unlike direct infringement, Coloplast's indirect infringement claims require GMD to have known of the patents and to have contributed to and/or induced the direct infringement. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. A[1] at 427:18-428:3.) GMD could attempt to rely on these opinions as part of its defense to indirect infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1307 (Fed. Cir. 2006) (jury properly relied on fact that accused inducer of infringement obtained opinion of counsel as evidence that inducer did not have requisite intent to infringe); *see also Roth v. Loos & Co.*, Case No. C 08-02156 VRW, 2009 WL 2525484, at *2-*3 (N.D. Cal. Aug. 17, 2009) (opinion of counsel was evidence that defendant lacked specific intent to induce); *VNUS Med. Tecs., Inc. v. Diomed Holdings, Inc.*, Case No. C-05-2972 MMC, 2007 WL 2900532, at *1 (N.D. Cal. Oct. 2, 2007) (same).

Coloplast served discovery requesting information about GMD's opinions of counsel, including, in particular, whether GMD intends to rely on any of its opinions of counsel as part of its defense to indirect infringement. Coloplast's Interrogatory No. 17, for example, includes the following request:

> If GMD contends that it does not contribute to and/or induce physicians to directly infringe any of the asserted claims of the patents-in-suit, describe in detail all such facts and reasons that support GMD's contention. To be complete, your answer should include a statement as to whether GMD intends

---

[1] Citations to Ex. are to the exhibits to the Declaration of Theodore M. Budd In Support of Motion to Compel.

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 2

Faegre & Benson LLP
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax: 612-766-1600

to rely on any written or oral opinion(s) of counsel and, if so, the identity of the person(s) who requested the opinion(s), the person(s) who rendered the opinion(s), the date the opinion(s) were rendered to GMD, the substance of the opinion(s), and a detailed description of how, if at all, GMD has relied on the opinion(s).

(Ex. B at 11-12.)

On June 3, 2011, GMD served its response to this interrogatory. (Ex. B.) Among numerous other objections, GMD stated that the request was premature under Local Patent Rule 112(d), which allows a party to delay in making its decision on whether to waive privilege in response to a claim of willful infringement until 30 days after a claim construction ruling. (Ex. B at 11-12.)

Coloplast also served two document requests to specifically obtain GMD's opinions of counsel evidence:

> **Request for Production No. 52:** All opinions of counsel that GMD has requested or obtained that refer or relate to the patents-in-suit or any other Coloplast patent.
>
> **Request for Production No. 53:** All documents that relate to any opinion of counsel that GMD has requested or obtained regarding the infringement, validity, or unenforceability of the patents-in-suit, including, but not limited to, the opinion itself, any drafts of the opinion, any notes or other documents that refer or relate to the opinion, any communications that refer or relate to the opinion, and all documents and things provided to or received from any attorney or agent who prepared or reviewed any portion of the opinion.

(Ex. C at 23-24.) GMD responded to these document requests on April 18, 2011, raising numerous objections, including that the discovery was premature under Local Patent Rule 112(d). (*Id.*)

On June 23, 2011, Coloplast sent a letter to GMD outlining numerous deficiencies in GMD's document production, including GMD's refusal to produce its opinions of counsel.

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 3

Faegre & Benson LLP
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

(Ex. D at 6.)  During a telephone conference on July 8, GMD again refused to produce its opinions of counsel, taking the position that, according to Local Patent Rule 112(d), it could wait until 30 days after the claim construction ruling in this case to provide the requested discovery.  (Ex. E at 2-3.)

A month later, and after the deadline for disclosing opinions of counsel under Local Rule 112(d), GMD changed its position, reserving its rights to rely on an opinion of counsel later in the case by stating that "[t]o the extent that GMD intends to use advice of counsel for any other purpose in this litigation, we will advise you accordingly as discovery is ongoing." (Ex. F at 5-6.)  GMD continued its indefinite timetable to respond to Coloplast's requests in an email dated August 24 when it stated "I have told you that as discovery is continuing, GMD is investigating issues regarding opinions of counsel and if GMD intended to use this information, GMD would disclose this information at an appropriate time."  (Ex. F at 4.)

Coloplast then requested that GMD produce any opinions of counsel by August 31, 2011. (Ex. F at 3-4.)  A meet and confer was held on September 13, but GMD again refused to produce its opinions of counsel.  (Ex. G.)  Coloplast then gave GMD a deadline of September 23 by which GMD was to disclose any opinions and told GMD that it would bring a motion to compel if GMD did not do so.  (*Id.*)  GMD did not respond to Coloplast's letter until October 10, at which time it once again refused to produce any opinions of counsel and refused to "make a final determination as to whether GMD intends to rely on advice of counsel as part of any defense to Coloplast's claims of infringement."  (Ex. H at 1-2.)  Instead GMD once again tried to keep its options open stating that, "**[a]s of now** GMD

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 4

Faegre & Benson LLP
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

does not intend to rely on advice of counsel as a defense to any claims raised by Coloplast." (*Id.* (emphasis added).)

Each time GMD has refused to produce its opinion of counsel evidence it has relied on the attorney-client privilege as grounds for withholding this evidence. Importantly, however, GMD has consistently placed a caveat on its position, stating that it may decide at some point later in the case to waive the attorney-client privilege and produce this evidence as a part of defenses to Coloplast's infringement claims. (*See* Ex. F at 4 ("GMD will disclose this information at an appropriate time"); Ex. F at 5-6 (GMD "will advise you accordingly as discovery is ongoing"); (Ex. H at 2 ("[a]s of now, GMD does not intend to rely on advice of counsel . . . .").)

On the day this Motion was due, GMD sent Coloplast an email stating "[a]s we stated on October 10, GMD does not intend to rely on an opinion of counsel as a defense in this case." (Ex. I at 3.) Given the ambiguity of GMD's October 10, 2011 email (*see* Ex. H) Coloplast responded by asking GMD to sign a stipulation that unambiguously confirms that "GMD will not be relying on the existence or substance of any opinion of counsel, whether oral or written, as evidence for any purpose in this case." (Ex. I at 2; Ex. J.) GMD declined to do so, thereby again showing that it wants to keep the door open on being able to use its opinions of counsel, without providing Coloplast the requisite discovery of those opinions.

## ARGUMENT

To date, GMD has refused to produce its opinions of counsel on grounds of privilege, but at the same time has refused to confirm that it will not rely on any of its opinions of counsel in this case. In other words, GMD's strategy has been to withhold its opinions of

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 5

Faegre & Benson LLP
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax: 612-766-1600

counsel while at the same time keeping open the option of relying on them at some later stage in this case. This is improper and GMD must immediately produce its opinions of counsel and allow Coloplast to take discovery on those opinions and on the facts surrounding GMD's reliance on the opinions. GMD, moreover, should have produced these opinions long ago, as there is now less than a month of discovery remaining in this case. Accordingly, Coloplast respectfully requests the Court to order GMD to immediately produce all of its opinions of counsel and any documents relating to the same subject matter as those opinions.

### A. Evidence On Opinions of Counsel Is Relevant To The Intent Element Of An Indirect Infringement Claim.

GMD's opinions of counsel are relevant to both Coloplast's claims of indirect infringement and GMD's defenses of non-infringement. *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("[O]pinion-of-counsel evidence, along with other factors, may reflect whether the accused infringer 'knew or should have known' that its actions would cause another to directly infringe, we hold that such evidence remains relevant to the second prong of the intent analysis"); *Semiconductor Energy Lab v. Chi Mei Optoelectronics Corp.*, 531 F. Supp. 2d 1084, 1113 (N.D. Cal. 2007) (noting that opinions of counsel are probative regarding intent). Accordingly, any opinion of counsel that GMD has procured falls within the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1).

GMD does not appear to dispute that its opinions of counsel are relevant and responsive to Coloplast's discovery requests. Instead, GMD has asserted that it might rely on the attorney-client privilege to shield this evidence from discovery. However, GMD has

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 6

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone: 612-766-7000
Fax: 612-766-1600

been careful not to take a definitive position on this issue, as it has consistently stated that it may produce this evidence later in the litigation if it deems it necessary.  (*See, e.g.*, Ex. F at 4 ("GMD will disclose this information at an appropriate time"); Ex. F at 5-6 (GMD "will advise you accordingly as discovery is ongoing"); Ex. H at 2 ("**[a]s of now**, GMD does not intend to rely on advice of counsel. . . .") (emphasis added).)

B.  **GMD Cannot Refuse To Provide Discovery On Its Opinions Of Counsel While At The Same Time Signaling That It May Rely On Them Later.**

GMD's position on discovery of its opinions of counsel has been a moving target.  When Coloplast initially requested production of GMD's opinions of counsel, GMD took the position that, under Local Patent Rule 112(d), opinions of counsel (including opinions of counsel relating to indirect infringement) were not discoverable until thirty days after the Court's claim construction ruling.  But when that deadline came and passed, GMD changed its position, contending instead that since it was not "currently" planning to rely on an opinion of counsel, all of its opinions were privileged.  GMD was careful to note that its position may change depending on how discovery unfolds or on how evidence is presented at trial.  In recent correspondence, for example, GMD stated that "[a]s of now, GMD does not intend to rely on advice of counsel as a defense to any claims raised by Coloplast . . . ." (Ex. H at 2.)

Accordingly, as things stand today, GMD is withholding its opinions of counsel even though it plans to rely on them at some future point in time.  If GMD wanted to shield its opinions of counsel from discovery, then GMD was required to represent that it would not rely on its opinions of counsel for any purposes in this case.  But even as of the filing date of

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 7

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

this Motion, GMD refuses to make an unambiguous statement on the matter as requested by Coloplast's proposed stipulation.  (*See* Exs. I-J.)  Because GMD has not provided the requested confirmation, GMD must immediately produce all of its opinions of counsel and all documents relating to such opinions.  *See In re Echostar Comm'ns*, 448 F.3d 1294, 1304 (Fed. Cir. 2006) ("when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused. This waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client."); *In re Seagate, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007) (the "widely applied standard for determining the scope of a waiver . . . is that the waiver applies to all other communications relating to the same subject matter"); *see also Optimumpath, LLC v. Belkin Int'l Inc.*, Case No. C-09-1398-CW, 2010 WL 2348665 (N.D. Cal. June 8, 2010) (applying standards from *Echostar* and *Seagate* and finding that waiver extends to all communications related to opinion).  The reason that communications relating to an opinion of counsel are produced together with an opinion is to prevent a party from disclosing only a favorable opinion while shielding less-favorable communications as privileged.  *Seagate*, 497 F.3d at 1372.

**C.     GMD's Refusal to Produce Its Opinions of Counsel Has Prejudiced Coloplast.**

GMD's failure to produce its opinions of counsel in a timely manner has prejudiced Coloplast.  As of the filing of this Motion, there is less than one month remaining in

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 8

Faegre & Benson LLP
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

discovery.  But after GMD produces its opinions of counsel, Coloplast will have to take substantial discovery of GMD, including the depositions of the lawyer or lawyers who authored the opinions and depositions of the people who allegedly relied on the opinions (including the depositions of previously deposed witnesses, such as GMD's President and GMD's Vice President of Sales & Marketing).  Coloplast may also have to supplement expert reports and request additional documents from GMD.  Accordingly, it is imperative that GMD immediately produce all opinions of counsel as well as any documents relating to such opinions.

## CONCLUSION

For the foregoing reasons, Coloplast respectfully requests that this Court order GMD to produce any such opinions of counsel and related documents in response to Coloplast's Requests for Production Nos. 52 and 53.

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 9

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

| | |
|---|---|
| DATED: October 17, 2011 | By: s/ David J.F. Gross<br>By: s/ Theodore M. Budd<br>By: s/ Timothy E. Grimsrud<br>By: s/ Jeya Paul<br>By: s/ Ari B. Lukoff<br>David J.F. Gross, *pro hac vice*<br>Email: DGross@faegre.com<br>Theodore M. Budd, *pro hac vice*<br>Email: TBudd@faegre.com<br>Timothy E. Grimsrud, *pro hac vice*<br>Email: TGrimsrud@faegre.com<br>Jeya Paul, *pro hac vice*<br>Email: JPaul@faegre.com<br>Ari B. Lukoff, *pro hac vice*<br>Email: ALukoff@faegre.com<br>**FAEGRE & BENSON LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402-3901<br>Telephone: 612.766.7000<br>Fax: 612.766.1600<br><br>By: s/ Jerry A. Riedinger<br>By: s/ Tyler C. Peterson<br>Jerry A. Riedinger #25828<br>Tyler C. Peterson, #39816<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4800<br>Seattle, WA  98101-3099<br>Telephone:  206.359.8000<br>Facsimile:  206.359.9000<br>Email:  jriedinger@perkinscoie.com<br>          tylerpeterson@perkinscoie.com<br><br>*Attorneys for Plaintiff Coloplast A/S* |

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS) - 10

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, the following counsel of record will be served pursuant to Local Rule CV-5(b) with a copy of PLAINTIFF COLOPLAST A/S'S MOTION TO COMPEL via the Court's CM/ECF system:

>Timothy Lohse
>Aaron Wainscoat
>Carrie Williamson
>**DLA PIPER LLP**
>2000 University Ave
>East Palo Alto , CA 94303
>Telephone:  650-833-2000
>
>Stellman Keehnel
>**DLA PIPER LLP**
>701 Fifth Avenue, Suite 7000
>Seattle, WA 98104-7044
>Telephone:  206-839-4800
>
>Alexandra McTague
>**DLA PIPER LLP**
>1251 Avenue of the Americas
>New York, NY 10020
>212-335-4794
>
>David Banie
>**BANIE & ISHIMOTO LLP**
>1999 South Bascom Avenue, Suite 700
>Campbell, CA 95008

**I certify under penalty of perjury that the foregoing is true and correct.**

DATED this 17th day of October 2011:

>    s/ *Tyler C. Peterson*
>Tyler C. Peterson, WSBA No. 39816
>**PERKINS COIE LLP**
>1201 Third Avenue, Suite 4800
>Seattle, WA  98101-3099
>Telephone:  206.359.8000
>Facsimile:  206.359.9000
>abeane@perkinscoie.com
>
>*Attorney for Plaintiff Coloplast A/S*

COLOPLAST'S MOTION
TO COMPEL (2:10-CV-227-BHS)

**Faegre & Benson LLP**
2200 Wells Fargo Center, 90 S.7th St.,
Minneapolis, MN 55402-3901
Phone:  612-766-7000
Fax:  612-766-1600