UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLOPLAST A/S., <br><br> Plaintiff, <br><br> v. <br><br> GENERIC MEDICAL DEVICES, INC., <br><br> Defendant. | CASE NO. C10-227BHS <br><br> ORDER |

This matter comes before the Court on Plaintiff Coloplast A/S's ("Coloplast") motion for sanctions (Dkt. 64), Defendant Generic Medical Devices, Inc.'s ("Generic") motion to compel (Dkt. 69), Coloplast's motion to compel (Dkt. 72), and the parties' motions to seal (Dkts. 63, 68, 71, & 95). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies Coloplast's motion for sanctions, grants in part and denies in part Generic's motion to compel, and denies Coloplast's motion to compel for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 8, 2010, Coloplast filed a complaint for patent infringement against Generic. Dkt. 1. Coloplast alleges that Generic is infringing United States Patent No. 6,638,211 (the "'211 Patent") and United States Patent No. 7,621,864 (the "'864 Patent"). *Id.* ¶¶ 9-17. On March 1, 2010, Generic answered and asserted numerous affirmative defenses including invalidity and unenforceability. Dkt. 17.

ORDER - 1

On October 13, 2011, Coloplast filed a motion for sanctions (Dkt. 64) and a motion to seal its motion and some supporting documentation (Dkt. 63). On October 19, 2011, Generic responded to the motion to seal. Dkt. 76. On October 24, 2011 Generic responded to the motion for sanctions. Dkt. 78. On October 28, 2011, Coloplast replied to the motion for sanctions. Dkt. 84.

On October 17, 2011, Generic filed a motion to compel (Dkt. 69) and a motion to seal the motion and documents submitted in support of the motion (Dkt. 68), and Coloplast filed a motion to compel (Dkt. 72) and a motion to seal the motion and documents submitted in support of the motion (Dkt. 71). On October 26, 2011, both parties responded to the motions to seal (Dkts. 80 & 82). On October 31, 2011, both parties responded to the motions to compel (Dkts. 85 & 87). On November 4, 2011, both parties replied (Dkts. 93 & 96), and Generic filed a motion to seal documents submitted in support of its reply (Dkt. 95). On November 16, 2011, Coloplast responded to the motion to seal. Dkt. 102.

## II. DISCUSSION

**A.   Motions to Seal**

While there is a "strong presumption of public access to the court's files," "[w]ith nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c)." Local Rule CR 5(g)(2). "Any party opposing the unsealing must meet the required showing pursuant to 5(g)(2) that the interests of the parties in protecting files, records, or documents from public review continue to outweigh the public's right of access." *Id.*, 5(g)(6).

In this case, the parties filed four motions to seal information submitted in support of their positions. First, Coloplast filed under seal and Generic requests to be kept under seal Coloplast's unredacted motion for sanctions (Dkt. 64) and Exhibits A, B, and D-J attached to the Declaration of Theodore M. Budd (Dkt. 67). Generic concedes that

ORDER - 2

1  Exhibits C and O may be unsealed. Dkt. 76. With regard to the unredacted version of the
2  motion, Generic asserts that it contains sensitive business information. The Court
3  disagrees. For example, Coloplast redacted the fact that Dr. Raymond Rackley is a co-
4  founder and board member of Generic (Dkt. 64 at 2) when Generic promotes this fact on
5  its own website.[1] Similarly, there is not good cause to seal the other redacted material in
6  the motion. Therefore, the Court denies the motion to seal Coloplast's motion.

With regard to the exhibits, the Court grants the motion because Generic has shown good cause to seal these materials. *See* Dkt. 76.

Second, Generic filed redacted copies of its motion to compel (Dkt. 69), the Declaration of Carrie Williamson (Dkt. 70), and Exhibits A, B, E, H, I, and J to the declaration. Coloplast requests that the Court seal the motion, the Declaration, and Exhibits H and I because these documents contain sensitive information. Dkt. 82. The Court agrees. The record, however, shall contain unredacted copies of these documents under seal. Therefore, the Court grants in part and denies in part the motion to seal (Dkt. 68) and directs Generic to file under seal unredacted copies of Exhibits A, B, E, & J.

Third, Coloplast filed under seal its motion to compel (Dkt. 72) and Exhibits A, B and D to the Declaration of Theodore M. Budd (Dkt. 75). Generic requests that the documents remain under seal because they contain sensitive business information. Dkt. 80. The Court agrees. Therefore, the motion to seal (Dkt. 71) is granted.

Fourth, Generic filed under seal Exhibits 1 and 2 to the Declaration of Carrie Williamson (Dkt. 97). Coloplast argues that the documents should remain under seal because they contain sensitive business information. Dkt. 102. The Court agrees. Therefore the motion to seal is granted (Dkt. 95) and Generic is directed to file unredacted copies of these documents under seal.

---

[1] http://www.gmd-us.com/about-us/ (last visited December 14, 2011)

ORDER - 3

**B.      Coloplast's Motion for Sanctions**

"District courts have wide latitude in controlling discovery . . . ." *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2007).   A party may depose any person.  Fed. R. Civ. P. 30(a)(1).  A deposition is a record of testimony taken outside of the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a jury can regard it as equivalent to testimony delivered inside the courtroom under oath.  *See, e.g.*, Black's Law Dictionary (9th ed. 2009) ("[deposition:] "A witness's out-of-court testimony that is reduced to writing (usually by a court reporter) for later use in court or for discovery purposes.").  A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).  Fed. R. Civ. P. 30(c)(2).

In this case, Coloplast argues that Generic's counsel improperly instructed a deponent not to answer a valid question.  Dkt. 64.  Generic argues that Coloplast's request that the deponent, Dr. Rackley, perform a physical demonstration was inappropriate.  Dkt. 78.  It is undisputed that the procedure in which Generic's devices are used or inserted into a patient is relevant to the claims and defenses in this action.  Coloplast, however, has failed to cite any binding authority for the proposition that Dr. Rackley should be ordered to perform the requested physical demonstration of this procedure during a deposition.  Moreover, Coloplast has failed to persuade the Court that Generic instructed Dr. Rackley not to answer an oral question.  Coloplast could have accumulated testimony on how Dr. Rackley uses Generic's device based on appropriate oral questions that could have been reduced to writing for later use in court.  Generic's refusal to allow Dr. Rackley to perform a demonstration does not violate any rule of discovery or standing order of the Court and is not sanctionable conduct.  Therefore, the Court denies Coloplast's motion for sanctions.

ORDER - 4

C.  **Motions to Compel**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). A party may move to compel discovery if a party fails to respond to discovery. Fed. R. Civ. P. 37.

   1.  **Generic's Motion to Compel**

Generic moves the Court to order Coloplast to produce documents from its French subsidiaries, including a company named Poges, and to produce Vincent Monsaingeon for deposition in East Palo Alto, California. Dkt. 69 at 1. Coloplast argues that the Court should deny the motion and Generic should seek the requested discovery under the procedures of the Hague Convention because the French "blocking statute," French Penal Code Law No. 80-358, prevents disclosure of evidence for use in a foreign judicial proceeding. Dkt. 87.

The Hague Convention exists to protect the territorial sovereignty of foreign signatory states and provides procedures for obtaining evidence in foreign states. *See Société Nationale Industrielle Aérospatiale v. United States District Court*, 482 U.S. 522, 538 (1987) ("*Aérospatiale*") (citing Amram, The Proposed Convention on the Taking of Evidence Abroad, 55 A.B.A. J. 651, 655 (1969)). A district court, however, is not deprived of the "jurisdiction it otherwise possesse[s] to order a foreign national party before it to produce evidence physically located within a signatory nation . . . ." *Aérospatiale*, 482 U.S. at 539–40. The Convention serves as a "permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad . . . ." *Id*. at 536.

Although the Court declined to mandate that courts follow a particular mode of analysis, it did suggest that five factors are relevant to the analysis:

> (1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability

ORDER - 5

of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Id*. at 544 n. 28.  Other factors that the Ninth Circuit has considered relevant are "'the extent and the nature of the hardship that inconsistent enforcement would impose upon the person, . . . [and] the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state.'" *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

In this case, Generic requests the Court to compel a deposition and the production of documents.  With regard to the former, Fed. R. Civ. P. 30 governs depositions.  The rule does not provide any authority for this Court to order Coloplast to produce a foreign national, let alone produce the person in a judicial jurisdiction outside of this Court's jurisdiction.  Rather, Rule 30 provides that a party or any other person can be noticed for deposition, and subpoenaed if necessary.  If the person sought for deposition is not within the subpoena power of a United States court, then procedures according to international treaty must be followed.  Moreover, Generic has failed to show that it has subpoenaed Dr. Monsaingeon, commanding his presence in East Palo Alto, California.  Therefore, the Court denies Generic's motion to compel the deposition of Dr. Monsaingeon.

With regard to the requests for production, Rule 34 allows a party to request items within "the responding party's possession, custody, or control . . . ."  Applying the *Aérospatiale* factors, the Court finds that the information requested is important to this action.  Coloplast obtained a right to enforce the '211 Patent through Porges.  Generic argues that Porges may have information relevant to the chain of custody, invalidity, licensing, conception, and/or reduction to practice.  Dkt. 69 at 7-8.  The Court agrees with Generic and this factor weighs in favor of production.

With regard to the specificity of the request, Coloplast argues that Generic has failed to explicitly state what documents it requests Coloplast produce. This argument is without merit as Generic requests "any document in Porges' possession that are responsive to Generic's Requests for Production." Dkt. 69 at 9. The Court finds that Generic's request is sufficiently specific and this factor weighs in favor of production.

With regard to whether the documents originated in the United States, there is no evidence on the record as to the origin of responsive documents. Thus, this factor is irrelevant.

With regard to the availability of alternative means of securing the information, the procedures of the Hague Convention are voluntary and production in France may subject an individual to criminal proceeding. Thus, the Court finds that although alternative means are available, it is highly unlikely that Generic would receive a response similar to what it is entitled to under Rule 34. The Court finds that this factor weighs in favor of production.

With regard to the undermining of national interests, Coloplast argues that allowing production would undermine France's interest in limiting foreign discovery. Dkt. 87 at 11. This rather broad interest must be "weighed against the United States' interests in vindicating the rights of American plaintiffs and in enforcing the judgments of its courts," which has been described as "vital." *Richmark*, 959 F.2d at 1477. The Court finds that this factor weighs in favor of production, especially since the validity of a United States patent has been questioned.

With regard to the hardship of compliance, Coloplast argues that compliance would subject it to possible criminal prosecutions. There is some case law suggesting that the French "blocking statute" is not enforced. *See S.E.C. v. Stanford Intern. Bank, Ltd.*, 776 F. Supp. 2d 323, 341 (N.D. Tex. 2011). Giving the benefit of the doubt to Coloplast that it faces a serious threat of criminal prosecution, the Court does not find that

ORDER - 7

this is a controlling factor. In this action, Coloplast requests the power of a United States court to enforce rights granted by a United States patent and should be deemed to have accepted the consequences of complying with the Federal Rules of Civil Procedure.

With regard to Coloplast's good faith in resisting production, both parties assert allegations of delay and uncooperative tactics. The Court finds that, even if Coloplast acted in good faith by requiring Generic to follow the procedures of the Hague convention, this factor is not dispositive.

In summary, the Court finds that the factors weigh in favor of granting Generic's motion to compel the production of documents. Therefore, the Court grants the motion and Coloplast is ordered to produce documents responsive to Generic's request for production that are in the possession, custody or control of Coloplast's French subsidiary Porges.

### 2. Coloplast's Motion to Compel

Coloplast requests that the Court order Generic to produce its opinions of counsel relating to the advice of counsel defense. Dkt. 72. The motion is baseless because Generic has not asserted an advice of counsel defense and has stated that it does not intend to rely on this defense. *Id*. at 5. If Generic's intent changes, failure to disclose information during discovery precludes the party from using that information at trial unless the failure was substantially justified. Fed. R. Civ. P. 37(c). It would seem unfair and unjustified to represent one position during discovery, then advantageously switch positions after discovery has closed. This issue, however, is not currently before the Court. The issue that is currently presented to the Court appears to be a premature motion to exclude Generic from asserting this specific defense, and not a discovery issue. Therefore, the Court denies Coloplast's motion to compel.

### 3. Sanctions

If a motion to compel is denied, the Court must award reasonable expenses in opposing the motion unless the motion was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(B). If a motion is denied in part and granted in part, the Court may award appropriate sanctions. Fed. R. Civ. P. 37(a)(5)(C).

In this case, the Court finds that monetary sanctions are not appropriate for Generic's motion that is granted in part and denied in part. With regard to Coloplast's motion that is denied, the Court also finds that circumstances exist that make an award of sanctions unjust. Coloplast has a legitimate concern that Generic would raise a certain defense that Generic could have mitigated with a more affirmative statement or admission that it would not rely on that defense. Therefore, the Court declines to award sanctions on either motion to compel.

## III. ORDER

Therefore, it is hereby **ORDERED** that the parties' motions to seal (Dkts. 63, 68, 71, & 95) are **GRANTED** and **DENIED** as stated herein, Coloplast's motion for sanctions (Dkt. 64) is **DENIED**, Generic's motion to compel (Dkt. 69) is **GRANTED in part** and **DENIED in part** as stated herein, and Coloplast's motion to compel (Dkt. 72) is **DENIED**.

The Clerk is directed to unseal Dkt. 66 and the parties are directed to file unredacted copies of certain documents as set forth above.

DATED this 19th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge