UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLOPLAST A/S,

                Plaintiff,

     v.

GENERIC MEDICAL DEVICES, INC.,

                Defendant.

CASE NO. C10-227 BHS

ORDER ON MOTIONS TO SEAL

      This matter comes before the Court on Plaintiff Coloplast A/S's ("Coloplast") motions to seal (Dkts. 217, 223, & 241) and Defendant Generic Medical Devices, Inc.'s ("GMD") motion to seal (Dkt. 232). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file.

**I. PROCEDURAL HISTORY**

      On June 7, 2012, Coloplast filed a motion to seal documents submitted in support of its motion for prejudgment interest and an accounting. Dkt. 217. On June 13, 2012, GMD responded. Dkt. 227.

      On June 7, 2012, Coloplast filed a motion to seal its motion for a permanent injunction and document submitted in support of the motion. Dkt. 223. On June 27, 2012, GMD responded. Dkt. 239.

ORDER - 1

1    On June 25, 2012, GMD filed a motion to seal its opposition to Coloplast's motion
2 for a permanent injunction and documents submitted in support of the opposition. Dkt.
3 232. On July 3, 2012, Coloplast responded. Dkt. 244.

4    On June 29, 2012, Coloplast filed a motion to seal its reply brief for the permanent
5 injunction and documents submitted in support of the brief. Dkt. 241.

## II. DISCUSSION

7    There is a strong presumption of public access to the court's files. With regard to
8 dispositive motions, this presumption may be overcome only on a compelling showing
9 that the public's right of access is outweighed by the interests of the public and the parties
10 in protecting the court's files from public review. With regard to nondispositive motions,
11 this presumption may be overcome by a showing of good cause under Rule 26(c). Local
12 Civil Rule 5(g)(2).

**A.   Coloplast's First Motion**

14    Coloplast's first motion relates to documents that were filed in support of its non-
15 dispositive motion for prejudgment interest and an accounting. Coloplast seeks to seal
16 the Declaration of Julie Davis (Dkt. 220), Exhibit A to that declaration (Dkt. 220–1), and
17 Exhibits A and B to the Declaration of the Declaration of Ari B. Lukoff (Dkts. 222–1 &
18 222–2). GMD responded and has shown good cause to seal three of the four documents.
19 Dkt. 227. GMD contends that Exhibit A to the Lukoff Declaration does not contain
20 proprietary information and that it may be unsealed. Therefore, the Court grants
21 Coloplast's motion as to Dkts. 220, 220–1, & 220–2 and denies the motion as to Dkt.
22 220–1. Coloplast shall submit an unsealed version of Dkt. 220–1.

**B.     Coloplast's Second Motion**

Coloplast's second motion relates to its motion for a permanent injunction and documents submitted in support of the motion.  Specifically, Coloplast seeks to seal portions of its motion and Exhibits A, B, C, E, F, I, J, K, L, and M to the Declaration of Theodore M. Budd in Support of Coloplast's Motion for Preliminary Injunction (the "Budd Decl.").  GMD responds as follows:

> There is compelling reason to seal certain GMD information that Coloplast submitted with Coloplast's Motion. Exhibits A, C, F and M to the Budd Declaration, as well as a limited portion of Coloplast's Motion, contain GMD's confidential sensitive business and/or financial information.

Dkt. 239 at 2.  The Court has reviewed the material and the remainder of GMD's response and agrees with GMD.  Therefore, Coloplast's motion is granted in part and denied in part.  Coloplast shall submit a revised redacted version of its motion in conformance with GMD's response and submit unsealed Exhibits B, E, I, J, K, and L to the Budd Decl.

**C.     GMD's Motion**

GMD requests that the Court seal portions of its opposition and Exhibits B – J and L – P to the Declaration of Carrie Williamson In Support of GMD's Opposition.  The opposition contains references to the trial transcript as well as references to Coloplast business information.  Exhibit B is portions of the trial transcript that the Court has ordered sealed.  Therefore, the Court grants GMD's motion as to these documents and they shall remain sealed.

1    Coloplast contends that only Exhibits M, N, O, and P contain confidential
2 licensing information. The Court agrees and grants GMD's motion as to these exhibits.
3 The Court denies the motion as to the remainder of the exhibits and GMD shall filed
4 unsealed versions of Exhibits C, D, E, F, G, H, I, J, K, and L.[1]

5 **D.    Coloplast's Third Motion**

6    Coloplast seeks to seal portions of its reply that discuss GMD's business
7 information. The Court has reviewed the information and finds that it is identical to
8 information previously ordered sealed. Therefore, the Court grants the motion and the
9 reply brief shall remain under seal.

## III. ORDER

11    Therefore, it is hereby **ORDERED** that (1) Coloplast's motions to seal (Dkts. 217
12 & 223) and GMD's motion to seal (Dkt. 232) are **GRANTED in part** and **DENIED in**
13 **part** as discussed herein and the parties shall submit unsealed versions of certain
14 documents; and (2) Coloplast's motion to seal (Dkt. 241) is **GRANTED.**

15    Dated this 22nd day of August, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] Coloplast mistakenly requested that Exhibit M be both sealed and unsealed. Dkt. 244 at 4. The Court has reviewed the document and determined that it is a license agreement that shall remained sealed.